**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000550
31-JAN-2025
08:11 AM
Dkt. 98 SO

NO. CAAP-21-0000550

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ATC MAKENA N GOLF LLC, ATC MAKENA S GOLF LLC,
ATC MAKENA LAND SF1 LLC, ATC MAKENA LAND MF1 LLC,
ATC MAKENA LAND MF2 LLC, ATC MAKENA LAND MF3 LLC,
ATC MAKENA LAND C1 LLC, ATC MAKENA LAND U1 LLC,
ATC MAKENA LAND B1 LLC, ATC MAKENA LAND MF4 LLC,
ATC MAKENA LAND SF2 LLC AND ATC MAKENA LAND AH1 LLC,
Plaintiffs-Appellees, v.
AZIZI KAIAMA, Defendant-Appellant, and
DOES 1-100, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-20-0000099)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Defendant-Appellant Azizi **Kaiama**

appeals from the Circuit Court of the Second Circuit's[1]

September 22, 2021 (1) "Findings of Fact, Conclusions of Law,

and Order Granting Plaintiffs' Motion for Summary Judgment,

Filed on August 4, 2021"; (2) Final Judgment; (3) Writ of

_____

[1] The Honorable Kelsey T. Kawano presided.

Possession; and (4) "Order Denying Non-Hearing Motion to Vacate Judgment from September 1, 2021 Hearing Filed on September 10[,] 2021 (DKT. No. 136)[,]" all entered in favor of Plaintiffs-Appellees **ATC Makena** N Golf, LLC, et al.[2]

Initially, we note that Kaiama's opening brief presents no points of error and does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in general. HRAP Rules 1(d) (providing that "[a]ttorneys and pro se parties are deemed to be aware of, and are expected to comply with, all of the provisions of these rules") and 28(b)(4) (requiring points of error). Because Kaiama is self-represented, we liberally interpret her opening brief and address the arguments we are able to discern. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and reverse in part and affirm in part.

**(1)** We construe Kaiama's opening brief as challenging the grant of summary judgment. In challenging the grant of

---

[2]  Plaintiffs-Appellees ATC Makena include ATC Makena N Golf LLC, ATC Makena S Golf LLC, ATC Makena Land SF1 LLC, ATC Makena Land MF1 LLC, ATC Makena Land MF2 LLC, ATC Makena Land MF3 LLC, ATC Makena Land C1 LLC, ATC Makena Land U1 LLC, ATC Makena Land B1 LLC, ATC Makena Land MF4 LLC, ATC Makena Land SF2 LLC and ATC Makena Land AH1 LLC.

summary judgment, the gist of Kaiama's argument appears to be that ATC Makena has no right to be on the subject property.

"To establish legally cognizable private title to land in the great majority of cases, one must show that he or a predecessor-in-interest acquired a Land Commission Award, a Royal Patent, a Kamehameha Deed, a Grant, a Royal Patent Grant, or other government grant for the land in question." State v. Zimring, 58 Haw. 106, 114, 566 P.2d 725, 731 (1977). "While it is not necessary for the plaintiff to have perfect title to establish a prima facie case, he must at least prove that he has a substantial interest in the property and that his title is superior to that of the defendants." Kaʻupulehu Land LLC v. Heirs & Assigns of Pahukula, 136 Hawaiʻi 123, 137, 358 P.3d 692, 706 (2015) (citation and internal quotation marks omitted).

Here, the circuit court found that ATC Makena's title to the subject property was continuous and unbroken, and that ATC Makena paid the property taxes since acquiring the subject property. These findings are not challenged and are supported by the record. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact . . . not challenged on appeal are binding on the appellate court").

**(2)** Although Kaiama does not appear to specifically challenge the attorneys' fees the circuit court awarded, ATC Makena's answering brief asserts the award of attorneys' fees and costs was proper.

Ordinarily, "each party is responsible for paying for his or her own litigation expenses. This general rule, however, is subject to a number of exceptions: attorney's fees are chargeable against the opposing party when so authorized by statute, rule of court, agreement, stipulation, or precedent." Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawaiʻi 92, 121, 176 P.3d 91, 120 (2008) (citations omitted).

As for ATC Makena's first request for attorneys' fees and costs, it requested a total of $5,067.67 related to its motion to compel. On October 8, 2020, the circuit court entered its "Order for Award of Attorneys' Fees and Costs" awarding the $5,067.67 in full. Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 37 allows for reasonable expenses, including attorneys' fees, as sanctions related to a motion for an order compelling discovery. See Kukui Nuts of Hawaii, Inc. v. R. Baird & Co., 7 Haw. App. 598, 623-26, 789 P.2d 501, 517-18 (1990) (determining circuit court's decision to award attorneys' fees and costs, pursuant to HRCP Rule 37, was not an abuse of discretion).

Thus, the circuit court's October 8, 2020 order awarding ATC Makena attorneys' fees and costs was not an abuse of discretion.

As for ATC Makena's second request for attorneys' fees and costs, ATC Makena provided no statute or rule to support its request for attorneys' fees in its August 4, 2021 motion for summary judgment or in its September 10, 2021 declaration.

In awarding ATC Makena's second request for attorneys' fees and costs, the circuit court relied on Krog v. Koahou, 133 Hawaiʻi 186, 324 P.3d 966, No. SCWC-12-0000315, 2018 WL 813038 at *3 (Haw. Feb. 28, 2014) (mem. op.), which does not support awarding attorneys' fees in this case.  To the extent the circuit court relied on its inherent powers to award attorneys' fees, it made no specific finding that Kaiama "acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975) (citations and internal quotation marks omitted); see generally Pilaʻa 400, LLC v. Andrade, 130 Hawaiʻi 346, 310 P.3d 1047, No. 28854, 2010 WL 4851831 at *20, 21 (App. Nov. 30, 2010) (mem. op.) (providing same and noting "the circuit court did not find Pilaʻa 400 in contempt or otherwise find that Pilaʻa 400 had acted in bad faith").

Thus, the circuit court abused its discretion in awarding attorneys' fees based on ATC Makena's second request for attorneys' fees and costs.

For the foregoing reasons, to the extent the circuit court awarded attorneys' fees based on ATC Makena's second request for attorneys' fees and costs, we reverse the circuit court's September 22, 2021 (1) "Findings of Fact, Conclusions of Law, and Order Granting Plaintiffs' Motion for Summary Judgment, Filed on August 4, 2021" and (2) Final Judgment.  We otherwise affirm the circuit court's September 22, 2021 (1) "Findings of Fact, Conclusions of Law, and Order Granting Plaintiffs' Motion for Summary Judgment, Filed on August 4, 2021"; (2) Final Judgment; (3) Writ of Possession; and (4) "Order Denying Non-Hearing Motion to Vacate Judgment from September 1, 2021 Hearing[.]"

All pending motions before this court are dismissed.

DATED:  Honolulu, Hawaiʻi, January 31, 2025.

| On the briefs: | /s/ Clyde J. Wadsworth<br>Presiding Judge |
|---|---|
| Azizi Kaiama,<br>Defendant-Appellant, pro se. | /s/ Karen T. Nakasone<br>Associate Judge |
| Craig G. Nakamura,<br>Catherine L.M. Hall,<br>(Carlsmith Ball),<br>Peter A. Horovitz,<br>Loren K. Tilley,<br>Kristine N.Y.K. Tsukiyama,<br>(Horovitz Tilley),<br>for Plaintiffs-Appellees. | /s/ Sonja M.P. McCullen<br>Associate Judge |